IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JEREMY WILSON**                                                  **PLAINTIFF**

vs.                               No. 6:20-cv-6068-SOH

**J.M. BOZEMAN ENTERPRISES, INC.,**          **DEFENDANTS**
**J.M. BOZEMAN COMPANY, INC., and**
**MICHAEL BARR**

<u>**ORIGINAL COMPLAINT**</u>

COMES NOW Plaintiff Jeremy Wilson ("Plaintiff"), by and through his attorneys Thomas Odom and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants J.M. Bozeman Enterprises, Inc., J.M. Bozeman Company, Inc., and Michael Barr (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

## II.    JURISDICTION AND VENUE

3.    The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.    Defendant's principal place of business is within the Hot Springs Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.    Plaintiff is an individual and resident of Hot Springs County.

7.    Separate Defendant J.M. Bozeman Enterprises, Inc. ("JMB Enterprises"), is a domestic, for-profit corporation.

8.    JMB Enterprises' registered agent for service is Robert Laster, at 166 Seltzer Lane, Malvern, Arkansas 72104.

9.    Separate Defendant J.M. Bozeman Company, Inc. ("JMB Company"), is a domestic, for-profit corporation.

10.    JMB Company's registered agent for service is Michael Barr, at 166 Seltzer Lane, Malvern, Arkansas 72104.

11.    Separate Defendant Michael Barr ("Barr") is an individual and resident of Arkansas.

12.    Defendants maintain a website at https://jmbozeman.com/.

## IV.    FACTUAL ALLEGATIONS

13.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.    Barr is the owner, principal, officer and/or director of JMB Enterprises and JMB Company.

15.    Barr manages and controls the day-to-day operations of JMB Enterprises and JMB Company, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

16.    Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

17.    Upon information and belief, the revenue generated from JMB Enterprises and JMB Company was merged and managed in a unified manner.

18.    As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

19.    Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

20.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

21.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

22.     Defendant is a trucking and carrier company.

23.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

24.     Defendant employed Plaintiff as a Dispatcher from February of 2017 until January of 2020.

25.     Defendant purported to pay Plaintiff a salary, but Plaintiff was paid less if he worked less, and he was sometimes paid overtime when he worked over forty hours in a week.

26.     Plaintiff duties included dispatching trucks, planning routes, and overseeing drivers to ensure compliance with guidelines and rules.

27.     At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

28.     Plaintiff regularly worked over forty hours per week.

29.     Plaintiff did not have the authority to hire or fire any other employee.

30.     Plaintiff was not asked to provide input as to which employees should be hired or fired.

31.     Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

32.     Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

33.     Plaintiff regularly worked hours for which he was not paid. Specifically, Plaintiff would be paid overtime if he worked a hours on a day he was not scheduled for, but if he worked extra hours on days he was scheduled for, Defendant did not pay him for those extra hours.

34.     Plaintiff frequently worked additional hours on days he was scheduled to work, because Plaintiff was often required to stay after his shift was over to help the next shift.

35.     Plaintiff estimates that he worked five to seven hours per week which were not recorded or compensated.

36.     Defendant sometimes paid Plaintiff his regular rate for hours worked over forty in a week.

37.     Defendant failed to pay Plaintiff a lawful overtime premium for all hours worked over forty each week.

38.     Defendant knew or should have known that Plaintiff was working additional hours off-the-clock for which he was not compensated.

39.     At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

40.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.    FIRST CLAIM FOR RELIEF—FLSA Violation

41.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

42.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

43.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

45.    Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

46.    Defendant failed to pay Plaintiff for all hours worked, including one and one-half times his regular rate for all hours worked in excess of forty hours per week.

47.    Defendant knew or should have known that its actions violated the FLSA.

48.    Defendant's conduct and practices, as described above, were willful.

49.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50.    Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result

thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CLAIM FOR RELIEF—AMWA Violation

52.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

53.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

54.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

55.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

56.     Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

57.     Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

58.     Defendant knew or should have known that its practices violated the AMWA.

59.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

60.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeremy Wilson respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.     Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C.     Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D.     An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JEREMY WILSON**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Thomas Odom
Ark. Bar No. 2017132
thomas@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com